**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. PWG-14-2438 |
| ) | |
| **SHIV MOTEL CORPORATION.,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**REPORT AND RECOMMENDATIONS**

This Report and Recommendations addresses Plaintiff Choice Hotels International, Inc. ("Choice Hotels")'s Request for Judgment by Default. ECF No. 7.[1] Defendants Shiv Motel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel have not filed a response and the deadline for a response elapsed on October 27, 2014. *See* Loc. R. 105.2.a. Having reviewed the filings, no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendations, Choice Hotels' Request for Judgment by Default be GRANTED.

**I.   FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Choice Hotels is a Delaware corporation with its principal place of business in Rockville, Maryland.[2] Defendants Shiv Motel Corporation and Krishna Land Corporation are

---

[1] On November 20, 2014, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Grimm referred this case to the undersigned to review a default judgment and/or make recommendations concerning damages. ECF No. 10.

[2] General Information and Corporate Contacts, Choice Hotels International, http://www.choicehotels.com/en/about-choice/corporatecontacts (last visited Nov. 13, 2014).

Illinois corporations. *See* ECF No. 1 at 1. Defendant Trupti Patel resides in Moline, Illinois. Defendants Manish Patel and Nilma Patel reside in Urbandale, Iowa.[3] *See id.*

On July 31, 2008 Defendants Shiv Motel Corporation, Krishna Land Corporation and Manish Patel executed a Choice Hotels Franchise Agreement. On that same day Defendants Trupti Patel and Nilma Patel executed a related "Guaranty" binding them to the terms of the franchise agreement. ECF No. 1-1 at 1 n.1. The Defendants intended to convert a former AmeriHost Hotel to a Comfort Inn Hotel (a brand under Choice Hotels). In accordance with Addendum No. 1 to the franchise agreement, the Defendants had to complete certain tasks within a year of the agreement, *i.e.,* July 31, 2009. Despite Choice Hotels reminding Defendants of the uncompleted required upgrades and providing Defendants additional time to comply, during a November 2, 2010 compliance visit, several items remained uncompleted. Approximately twenty days after the compliance visit, Choice Hotels sent Defendants a Notice of Default and provided an additional thirty days for Defendants to complete the required items. On March 29, 2011 Choice Hotels sent Defendants a Notice of Termination, which included a demand for liquidated damages of $99,000.00. ECF No. 1-1 at 1.

In accordance with Section 21 of the franchise agreement, *see* ECF No. 1-2 at 1, on or about November 19, 2013, Choice Hotels filed a demand for arbitration against the Defendants with the American Arbitration Association, seeking damages for breach of the franchise agreement. *See* ECF No. 7-1 at 1 ¶ 2. On April 10, 2014 the arbitrator entered an award in the arbitration proceeding in favor of Choice Hotels in the amount of $99,000.00 as liquidated damages. The arbitrator additionally awarded to Choice Hotels the arbitration costs in the

---

[3] This Court's jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

amount of $3,892.50 ($2,600.00 in administrative fees and expenses plus $1,292.50 as compensation for the arbitrator).  The total award of arbitration is $102,892.50.[4]

Over three months later, on July 31, 2014, Choice Hotels initiated this action by filing an Application to Confirm Arbitration Award.  *See* ECF No. 1.  A summons and a copy of the application to confirm arbitration award with exhibits were served on Defendants Manish Patel and Nilma Patel on August 9, 2014.  Their answers were due September 2, 2014.  *See* ECF No. 4.  Neither Manish Patel nor Nilma Patel filed an answer.

On August 25, 2014 a summons and a copy of the application to confirm arbitration award with exhibits were served on Defendants Shiv Motel Corporation[5], Krishna Land Corporation[6], and Trupti Patel.  Their answers were due September 15, 2014.  *See* ECF No. 5. None of these Defendants filed an answer.

On October 9, 2014 Choice Hotels moved for Clerk's entry of default for want of answer or other defense against the Defendants.  *See* ECF No. 6.  On the same date Choice Hotels moved for default judgment against the Defendants. *See* ECF No. 7.  The deadline for filing a response in opposition was October 27, 2014.  No response in opposition was filed with regard to either the Motion for Clerk's Entry of Default or the Request for Judgment by Default.

On November 14, 2014 the Clerk's Entry of Default was docketed against all Defendants. *See* ECF No. 9.  Six days later Judge Grimm referred the case to the undersigned for a report and recommendations.  *See* ECF No. 10.

---

[4] The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.

[5] By serving Samir Patel, President.

[6] *Id.*

## II.     DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Additionally, when a defendant is an individual, the plaintiff must certify or declare to be true under penalty of perjury whether the defendant is in military service. 50 U.S.C. app. § 521(b)(1) ("In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.").[7]

The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v.*

---

[7] "Based upon information and belief, defendants Shiv Motel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel are not infants, incompetent or in the military service of the United States." ECF No. 7-1 at 2 (Aff. Kristen K. Bugel ¶ 6).

*Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The

court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]" *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

### A. Liability

More than three months have elapsed since the Defendants were served with Choice Hotels' Application to Confirm Arbitration Award ("Application"). None of the Defendants have pleaded or otherwise asserted a defense by filing an Answer. As a result, all of the factual allegations made in Choice Hotels' Application not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.

Choice Hotels moved for a default judgment on October 9, 2014; Defendants Shiv Motel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel have not responded. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him). Accordingly, the Court should grant default judgment on the Application to Confirm Arbitration Award if Choice Hotels establishes the liability of Defendants Shiv Motel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel.

That accepting as true Choice Hotels' well-pleaded allegations (with supporting documentation), the undersigned finds Choice Hotels has proven the following:

 (a) Choice Hotels filed a demand for arbitration against Shiv Motel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel with the American Arbitration Association, Case Number 16 201 30006 50;

 (b) the relationship between the parties was franchisor (Choice Hotels) and franchisee (Shiv Motel Corporation, Krishna Land Corporation and Manish Patel) plus guarantors for franchisee (Trupti Patel and Nilma Patel);

 (c) the franchise agreement includes Section 21, <u>Arbitration</u>, which mandates "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . ." ECF No. 1-2 at 1;

 (d) Choice Hotels sought damages for breach of the franchise agreement; and

 (e) on April 10, 2014 an arbitrator issued an Award of Arbitrator. The Arbitrator disposed of all claims. Choice Hotels was awarded the sum of $102,892.50 consisting of (i) liquidated damages in the amount of $99,000.00, (ii) compensation for arbitrator in the amount of $1,292.50 and (iii) administrative fees and expenses in the amount of $2,600.00.

Accordingly, Choice Hotels has established the joint and several liability of Defendants Shiv Motel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel. Therefore, a default judgment as to the arbitration award outlined in Choice Hotels' Application is proper.

**B.** **Damages**

In support of the claim for damages Choice Hotels attached to its Application the Award of Arbitrator. The arbitrator issued an award in favor of Choice Hotels as follows:

7

      1.      Claimant [Choice Hotels] is entitled to liquidated damages pursuant to Section 10(d)(3) of the Choice Franchise Agreement due to Respondents' breaches of the Choice Franchise Agreement and related documents.

      2.      Respondents Shiv Motel Corporation, Krishna Land Corporation, Manish Patel, Trupti Patel and Nil[]ma Patel shall jointly and severally pay to Choice Hotels International, Inc. the total amount of $99,000 (55 "Sleeping Rooms" x $50.00 = $2,750.00, which is then multiplied by 36 (number of months) to arrive at $99,000.)

      3.      The administrative fees and expenses of the AAA, totaling $2,600.00 shall be borne jointly and severally by the Respondents. The compensation of the arbitrator, totaling $1,292.50, shall be borne jointly and severally by the Respondents. Therefore, the Respondents shall jointly and severally reimburse Claimant the sum of $3,89[]2.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

      4.      This Award fully resolves all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

ECF No. 1-1 at 2.

      The undersigned finds an award of damages in the amount of $102,892.50 is appropriate. The undersigned recommends the Court confirm the arbitration award of $102,892.50 as damages in favor of Choice Hotels and against Shiv Hotel Corporation, Krishna Land Corporation, Trupti Patel, Manish Patel and Nilma Patel, jointly and severally.

      Choice Hotels also seeks post-judgment interest until the arbitration award is paid. The undersigned recommends the Court direct post-judgment interest, as calculated pursuant to 28 U.S.C. § 1961[8], continue to accrue until such time as the judgment is satisfied.

---

[8] "Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment."

Finally, Choice Hotels seeks $400, the filing fee for initiating this action in this court. The docket reflects payment of the filing fee by Choice Hotels. The undersigned recommends Choice Hotels be awarded $400.

### RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiff's Request for Judgment by Default (ECF No. 7);

(b) The Court confirm the arbitration award of $102,892.50 in favor of Plaintiff and against Defendants, jointly and severally;

(c) The Court direct post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, continue to accrue on the judgment until satisfied by the Defendants;

(d) The Court award $400.00, the filing fee, in favor of Plaintiff and against Defendants, jointly and severally; and

(e) The Court grant any other and further relief as it deems appropriate.

December 9, 2014                         _____/s/_____
                                                          WILLIAM CONNELLY
                                                 UNITED STATES MAGISTRATE JUDGE